## GOTTLIEB F. LIEBBRANDT

*v.*

## MYRON LODGE No. ONE, OF THE OLD FREE ORDER OF CHALDEA.

1. TENDER—*what amounts to.* A party having executed to Myron Lodge No. 1, of the Old Free Order of Chaldea, a certain promissory note, stated that, after the maturity of the note, he offered in open lodge of said Order to the said lodge itself, and members present, to pay the note and interest; that they then and there refused to take the money and gave him further time without his wish, knowing that, at the time he so offered to pay the note and interest, he had the money to do it with: *Held*, that an offer to pay in the manner stated did not amount to a tender.

2. SURETY—*release of, by agreement of the payee with the principal maker of a note to extend the time of payment.* An agreement by the payee of a promissory note, with the principal maker, to extend the time of payment without a consideration, does not release the surety from liability.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This is an appeal from the judgment of the court below, refusing to grant a motion made by Gottlieb F. Liebbrandt to set aside a judgment as to him, rendered May 19, 1870, by confession on a warrant of attorney against him, John D. Ries and F. Peters, and in favor of Myron Lodge No. 1, of the Old Free Order of Chaldea, upon the following promissory note:

$100.                                    "*Chicago, Oct.* 5th, 1857.

"One year after date, for value received, we jointly and severally promise to pay to Myron Lodge No. 1, A. U. O. C., or bearer, the sum of $100, with interest at ten per cent per annum.

JOHN D. RIES,
F. PETERS,
G. F. LIEBBRANDT."

6—61ST ILL.

In support of the motion, two affidavits were filed :

Affidavit of Leibbrandt, that he made the note as surety only, which fact was then, and always known, to the payee ; that since the execution of said note affiant never heard of the same, or knew who held it, until the rendition of said judgment ; that affiant supposed said note had been paid by Ries, for whose benefit the same was made, and that he had made diligent inquiry for his co-defendant Peters, whom he believed to be dead, he not having been heard from for about eight years.

Affidavit of Ries, that he was principal, and the other makers of the note sureties ; that, after the making of the note, about January 1, 1859, affiant offered, in open lodge, to the said lodge itself, and members present, to pay the note and interest aforesaid ; that they then and there refused to take the money ; that further time was given him without his wish, and without the knowledge or consent of his said sureties and co-makers ; and that, at the time he so offered to pay the note and interest, he had the money to do it with, which the officers and members of said lodge then and there well knew ; that he believed his co-defendant Peters, to be dead.

Mr. Thomas Shirley, for the appellant.

Messrs. Bushnell & Frake, for the appellee.

Per Curiam : The affidavits upon which the motion was made to set aside the judgment entered upon the warrant of attorney, disclose no defense to the note, or ground for equitable relief. There was no tender of the amount made. An offer to pay in the manner stated does not amount to a tender. The supposed agreement with the principal in the note to extend time of payment, is lacking in an essential element of a valid agreement. It was wholly wanting in consideration, and no time was specified. No act was done which would legally tie the hands of the plaintiff below for a single instant.

The judgment of the court below is affirmed.

*Judgment affirmed.*