PAUL FISHER v. WILLIAM STOCKEBRAND, *as Adm'r, &c.*

1. NEW TRIAL, *Refusal of, Not Error.* Where a judgment is rendered against a party to an action, and some months afterward, and at the succeeding term of the court, such party moves the court for leave to supply a motion for a new trial, and it appears on the hearing of such motion that no motion for a new trial had ever been made or filed by such party in the case, and the court overruled the motion for a new trial, *held,* not error.

2. PROMISSORY NOTE; *Sufficient Tender; Surety Discharged.* In an action on a promissory note against two persons who, apparently from the face of the note, executed the same as joint makers, when in fact the note was executed for money loaned to one of the makers, and the other signed the note only as surety, and this was known by the payee of the note at the time the note was executed, *held,* that a tender of the full amount due on the note after maturity, made by the principal maker of the note to the payee, and refused by the payee, discharged the surety, although the principal on the note may not afterward have kept his tender good; and further, *held,* under the circumstances of this case, that the tender was made to the proper person and for the proper amount.

*Error from Woodson District Court.*

ACTION brought by *Fisher* against *Ostmeir* and another, on a promissory note. Trial at the June Term, 1880, of the district court, and judgment for defendant *Stockebrand,* as administrator of the estate of the defendant Orth, deceased, and against the plaintiff, who brings the case here. The opinion states the facts.

*G. P. Smith,* for plaintiff in error.

*G. A. Amos, John R. Goodin,* and *L. W. Keplinger,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Paul Fisher against Frederick Ostmeir and R. Orth, on the following promissory note:

"$263.                    HUMBOLDT, KAS., Jan. 8, 1876.

"One year after date, we promise to pay to the order of G.
A. Fisher two hundred and sixty-three dollars, value received,
with interest at 12 per cent. per annum from date until paid.
Appraisement waived.                    FREDERICK OSTMEIR.
                                              R. ORTH."

The plaintiff alleged in his petition that this note was given
for $250, money loaned by the plaintiff to Frederick Ostmeir,
Ostmeir being the principal on the note, and Orth, surety;
that at the time of loaning the same the plaintiff believed he
was loaning the money of his brother, G. A. Fisher, and for
that reason took the note in the name of G. A. Fisher, in-
stead of in his own name; that the $13 added to the $250,
making the note $263 instead of $250, was added for the pur-
pose of paying the plaintiff a commission for procuring the
loan; that afterward he ascertained that he had in fact loaned
his own money, and that he had no money in his hands at
that time belonging to his brother, and therefore that he, the
plaintiff, was the owner of the note.

The defendants pleaded separately. A trial was had as
against Frederick Ostmeir, and judgment was rendered
against him for $294.80 and costs, taxed at $27.75. The
defendant Orth died before the action was tried as against
him, and then the action was revived against the present de-
fendant William Stockebrand, as administrator of the estate
of R. Orth, deceased. Stockebrand then filed an amended
and supplemental answer to the plaintiff's petition, which
answer reads as follows:

"And now comes Wm. Stockebrand, administrator of the
defendant R. Orth, and for amended and supplemental answer
to plaintiff's petition, says: That the defendant R. Orth signed
the note sued on as surety only for the other defendant, and
that he received no part of the consideration therefor. De-
fendant further says that heretofore the plaintiff was in pos-
session of said note and had full authority to collect the same
for his own use and benefit, and that thereupon he placed the
same in the hands of one G. P. Smith, an attorney at law,
for collection, and caused said Smith to institute a suit thereon
in the name of the payee thereof against defendants herein,

in which action said Smith was attorney of record; said plaintiff had full and exclusive control and management of said suit, and the same was instituted and prosecuted without the knowledge, and not for the benefit of said payee. Pending said suit, the defendant Ostmeir offered to pay plaintiff herein the full amount due, and said plaintiff designated said G. P. Smith as his attorney, having said note in his possession for collection, and referred said defendant to said Smith as his agent for that purpose. Thereupon, on or about the 7th day of January, 1879, said defendant tendered to said G. P. Smith, who then was the duly-authorized agent and attorney of said plaintiff, with full power and authority to receive payment of all sums due by reason of said note, or of the pending litigation, the sum of two hundred and eighty-five dollars in lawful money of the United States, which tender was refused by said attorney and agent.

"Defendant further says that heretofore, at the October term, 1879, of this court, this cause came on to be tried upon the issues joined in this action between plaintiff and said defendant Ostmeir, in which action said plaintiff recovered a judgment for less than two hundred and ninety-five dollars; and it was specially found by the verdict of the jury in said cause, that the sole and only payments upon said note were made at a date prior to the date of said tender. Wherefore plaintiff [defendant] avers it has been so adjudged and determined, and that such is the fact, that said sum so tendered was more than the actual amount due at the date of said tender. Defendant further says, that since the date of said tender, defendant Ostmeir has become and is now wholly insolvent.

"Wherefore, defendant asks that he may be dismissed without day, and that he have and recover of plaintiff his costs herein."

The plaintiff demurred to this answer, upon the ground that it did not state facts sufficient to constitute a defense, which demurrer the court overruled. The plaintiff then replied to this answer, setting up, first, a general denial; second, in substance, that the defendant Ostmeir had also pleaded said tender; and that the court had ordered Ostmeir to bring the money into court, which Ostmeir failed and refused to do, and then abandoned his plea of tender; third, that judgment was rendered in favor of the plaintiff and against the defendant Ostmeir, for the sum of $294.80 and costs, taxed at $27.75. A trial

was had upon these pleadings, and upon the evidence the court made the following findings:

"1. That Fred. Ostmeir was principal and R. Orth was surety on the note sued on in this action.

"2. That the attorney of defendant Ostmeir did, on the 7th day of January, 1879, on behalf of said Ostmeir, tender to the attorney of the said plaintiff in this action, who at that time had the note sued on in his possession for collection, the sum of $285.

"3. That said tender was made in satisfaction of the note sued on.

"4. That the sum tendered was the full amount of principal and interest due upon said note at the time said tender was made.

"5. That the tender so made by defendant's attorney was refused by the attorney of plaintiff.

"6. That at the trial of this cause upon the separate answer of defendant Ostmeir, plaintiff Fisher demanded of said Ostmeir that he bring into court the money claimed by him to have been tendered to plaintiff Fisher, and the court then and there ordered defendant Ostmeir to bring into court the money claimed by him to have been so tendered; but said money was not so brought into court, nor was any evidence offered in said trial tending to show that any tender, as alleged by Ostmeir in his said answer, was ever made to the plaintiff or his attorney.

"7. That at the time the tender was made, there was an action pending in this court upon the note herein sued on, in which one G. A. Fisher was plaintiff and Ostmeir and Orth were defendants; but said action was dismissed by said G. A. Fisher at his own costs, prior to the commencement of this action.

"8. There was no evidence offered by the defendant that the tender so made was sufficient to cover the costs in said action of G. A. Fisher, over and above the amount due on said note.

"9. That there was no evidence offered by the plaintiff that there were any costs due on said action of G. A. Fisher at the time of the tender, or that the defendant was in any manner liable for any costs in said action.

"That from the foregoing findings of fact, the court makes the following conclusion of law: That the defendant, Wm. Stockebrand, administrator of the estate of R. Orth, deceased, is not liable on said note."

Upon these findings the court below rendered judgment in favor of the defendant Stockebrand and against the plaintiff, for costs. This judgment was rendered on July 9, 1880. Afterward, at the succeeding term of the district court, and on October 12, 1880, the plaintiff filed a motion to supply a motion for a new trial. He claimed then and claims now that he had filed a motion for a new trial within proper time, which motion was overruled by the district court. This motion to supply the motion for a new trial was heard by the court below on affidavits and other evidence, and was overruled by the court. The plaintiff then made a case for the supreme court, and filed such case in the district court on March 7, 1881; and afterward brought the same to this court. He asks that the judgment of the court below be reversed, for the following reasons, which we shall consider in their order:

*First.* He claims that the court below erred in overruling the plaintiff's motion to supply the motion for a new trial. Upon this question we think the court below decided correctly; for, as we think, the preponderance of the evidence showed that no motion for a new trial was ever filed by the plaintiff in this case. The minutes of the court do not show that any such motion was ever made, or filed, or acted upon; and neither do the journal entries of the court show any such thing; and the clerk himself in his affidavit testifies "that no motion for a new trial in the case of Paul Fisher v. Fred. Ostmeir and Wm. Stockebrand, administrator of R. Orth, deceased, was ever filed by or on behalf of plaintiff in said cause, nor was any such motion ever handed to the clerk or left with him;" and the deputy clerk in his affidavit says "that he has no knowledge of any such motion for a new trial on behalf of plaintiff."

None of the evidence introduced on the trial of this action has been brought to this court.

*Second.* The plaintiff also claims that the court below erred in overruling the plaintiff's general demurrer to the amended and supplemental answer of the defendant Stockebrand.

The plaintiff also claims that the court below erred in refusing to require the defendant Stockebrand to bring into court the money alleged by him to have been tendered to the plaintiff.

The plaintiff also claims that the court below erred in its conclusion of law from the facts found by the court.

As all these claims of error raise substantially the same question, we shall consider them all together; and that question is this: Did the tender made by Ostmeir, the principal on the note, discharge the defendant's intestate, R. Orth, who was only a surety on the note?

It is admitted by the pleadings that Ostmeir was the principal, and Orth was only a surety on the note; and it is also admitted that the plaintiff had knowledge of this fact at the time the note was executed; hence no question has at any time been raised with respect to any want of knowledge on the part of the plaintiff of this fact.

It is also admitted that there was a sufficient amount tendered to pay the amount of the debt, with interest; but it is claimed by the plaintiff that it was not shown that there was also a sufficient amount in addition tendered to pay the costs that had accrued in the case of G. A. Fisher against the defendants Ostmeir and Orth.

It is also claimed that the tender was not made to Paul Fisher or to his attorney, but was in fact made to G. A. Fisher, or rather to the attorney of G. A. Fisher; that is, it is claimed that G. P. Smith, to whom the tender was made, was at that time acting as the attorney of G. A. Fisher, and not as the attorney of Paul Fisher.

It is also claimed that the defendant Ostmeir did not keep his tender good; and therefore that not only Ostmeir, but also Orth and the present defendant, Stockebrand, have lost all benefit that might otherwise have been derived from the tender.

We do not think that any of the claims of the plaintiff setting forth matters supposed to invalidate the tender are sufficient. The note sued on was at all times, according to

the pleadings and findings, the property of the plaintiff, Paul Fisher, and was never the property of G. A. Fisher; and the attorney, G. P. Smith, was, according to the answer and findings, the attorney of Paul Fisher, and not the attorney of G. A. Fisher, and according to the answer, the suit that was commenced in the name of G. A. Fisher was not his suit, but was in fact the suit of Paul Fisher, commenced merely in the name of G. A. Fisher. The answer says that the "said plaintiff had full and exclusive control and management of said suit, and the same was instituted and prosecuted without the knowledge and not for the benefit of said payee," G. A. Fisher. "Pending said suit the defendant Ostmeir offered to plaintiff herein the full amount due, and said plaintiff designated said G. P. Smith as his attorney, having said note in his possession for collection, and referred said defendant to said Smith, as his agent for that purpose." And the answer also alleges that "on or about the 7th day of January, 1879, said defendant tendered to said G. P. Smith, who then was the duly-authorized agent and attorney of said plaintiff, with full power and authority to receive payment of all sums due by reason of said note, or of the pending litigation, the sum of $285 in lawful money of the United States, which tender was refused by said attorney and agent." The tender was therefore, according to the answer, and also according to the findings, evidently made to the right person; and we think the amount was sufficient.

There is no allegation, nor proof, nor any finding, showing that any costs were made in the case of G. A. Fisher against the defendants Ostmeir and Orth, for which either of the defendants was liable, and presumably — and we might say confessedly — no such costs were made; for the said action of G. A. Fisher against the defendants Ostmeir and Orth was dismissed at the costs of G. A. Fisher. Presumably and confessedly, the action was brought in the name of the wrong person — in the name of a person who never had any interest in the note, and in whose name the action should not have

been brought; and if so, the defendants could not be liable for any of the costs in such action.

As the action is now presented to us (the question not being raised in this court), we do not think it is necessary for us to determine whether the action could or could not have been prosecuted in the district court to judgment by the present plaintiff, Paul Fisher, in the name of G. A. Fisher, under § 28 of the civil code. The action was not so prosecuted, and the plaintiff himself (the plaintiff in this action), by dismissing the action as he originally brought it (provided he did bring the original action and then dismiss it), and afterward commencing this action in his own name, in effect confessed that he had brought the original action in the wrong name. If, however, the original action was really brought by G. A. Fisher, and not by the present plaintiff, Paul Fisher, it would be still worse for the plaintiff. He certainly would not be entitled to costs made by another person, and in a suit in which he, the plaintiff herein, was not a party and had no interest. We think we may decide this case upon the theory that neither of the defendants was liable for any costs in the case of G. A. Fisher v. Ostmeir and Orth. But the tender probably covered all costs, as well as the principal and interest due on the note. The amount loaned was $250. This drew interest at the rate of twelve per cent. per annum. The plaintiff admits that the first year's interest was paid. The jury on the trial between the plaintiff and Ostmeir went further, and found that the first two years' interest was paid, to wit, $60. Only one year's interest could therefore have been due on the note when the tender was made, which was on January 7, 1879. Therefore the amount of principal and interest due on the note at the time the tender was made could not have been more than $280. But Ostmeir tendered $285. We take no account of the $13 added to the note as commission to the plaintiff for loaning, as he supposed, his brother's money, for he was not entitled to the $13, nor to any commission. Now $5 would cover more than all the costs proved. But if the plaintiff was entitled to recover on the note only $294.80, at the time when

his judgment was rendered against Ostmeir, which was on October 18, 1879, then he was not entitled to recover even $280 when the tender was made, which was more than nine months previous to the rendering of the judgment.

Taking all the circumstances of this case together, we think the tender was sufficient. It was made to the right person; it was for an amount sufficient to cover the entire debt, with interest; and probably it was also sufficient to cover all the costs in the case of G. A. Fisher v. Ostmeir and Orth; and it was more than sufficient to cover the entire debt, with interest and costs, as shown by the evidence in this case.

The next question is, whether the tender made by Ostmeir, the principal on the note, to the owner of the note, discharged Orth, the surety on the note? This question is easy to answer, and it must be answered in the affirmative. Mr. Brandt, in his work on Suretyship and Guaranty, § 295, uses the following language:

"If the principal, after the debt is due, offers to pay it, and tenders the amount due to the creditor and the creditor refuses to receive it, the surety is discharged. One of the reasons upon which this rule is founded is, that the transaction amounts to a payment of the debt and a new loan to the principal. Moreover, the contract of suretyship imports entire good faith and confidence between the parties in regard to the whole transaction, and any bad faith on the part of the creditor will discharge the surety. The surety cannot compel the creditor to receive the money, but his refusal to do so is a fraud on the surety, which exposes him to greater risk and operates his discharge. If it were otherwise, the creditor would have it in his power to keep the surety under the cloud of the debt any length of time he might see proper."

And Mr. Baylies, in his work on Sureties and Guarantors, in § 19, page 373, uses the following language:

"The surety may obtain his discharge from liability on his contract by a tender of the amount for which he is security. If the surety tenders to the creditor the amount due from the principal debtor, and the creditor refuses to receive it, the surety will be discharged. A tender by the principal debtor will have the same effect."

Each of these authors cites authority to sustain his proposition, and we think what they say is good law.

On the other side, the plaintiff in error cites four cases: *Rose v. Brown*, 1 Am. Decisions, 22; *Leibrandt v. Myron Lodge*, 61 Ill. 81; *Crain v. McGoon*, 86 Ill. 431; *Clark v. Sickler*, 64 N. Y. 231.

The first of these cases we have not seen, as the book referred to is not in the state library. The other three cases are not applicable to the present case. The third would be applicable if Orth had been the principal on the note instead of merely a surety. In the fourth case it is held that "an offer upon the part of a principal debtor to pay, and an omission so to do because of a request of the creditor that he retain the money and a subsequent insolvency of the principal, do not discharge a surety." But the court in the opinion says that "he [the principal debtor] did not prevent the payment of the note. He did not refuse to receive the money. He only expressed a desire that it should not be paid. *There was no tender or attempt to tender the money.* The contract was not changed."

We think that the surety on the note, Orth, was discharged by the tender made by Ostmeir, and therefore that the judgment of the court below is correct, and therefore the judgment will be affirmed.

All the Justices concurring.